TATE, Judge
(dissenting from denial).
The majority of this court, without hearing a single witness and based on no evidence in the record, has reduced the trial court’s allowance of alimony to a mother and two children from $700 to $550. The husband had an income of $24,000 in 1965-, but produced proof that his income had dropped to $1,452 per month at the time of trial. However, the husband produced no proof as to his own living expenses, and the record shows that a considerable proportion of these expenses are paid for by his employer in addition to the monthly salary of $1,452.
In my opinion, the majority has arbitrarily disturbed the discretion of the trial court without any reason supported by the record. The husband is in a better position through applying to blind appellate sympathy than he would be had he produced any evidence to show that actually the amount of alimony pendente lite awarded to his wife and children was excessive.
We should point out that from the wife’s award of $700 per month she was supposed to pay a mortgage note of $168, which is really an expense of the community of which the husband is head and master. One-half of these amounts so paid will be the property of the husband when and if the community assets are liquidated.
Also, the wife produced proof of monthly expenses of $860. The trial court reduced the award for those expenses to $700, and we are further reducing that award an additional $150, although there is absolutely no proof that the wife does not need $860 for her family’s living expenses or that the amount of temporary alimony assessed the husband is excessive, except for an emotional plea on his part.
I see no reason under the record presented to us to disturb the trial court’s great discretion in according alimony according to the circumstances. According to the record, the amount of $700 awarded the wife is really insufficient for her purposes. On the other hand, since the husband’s employer pays much of his living expenses, the amount left to him does not seem insufficient. The majority is leaving the husband $550 even though most of his living expenses are paid by his employer. The other $550 is left for the support of the other three members of the family, including the payment for the mortgage debt *807 owed by the husband as head of the community.
The writer must therefore join his brother CULPEPPER in his dissent from the arbitrary substitution by the majority of its views for the soundly exercised discretion of the trial court. In so saying, I recognize the sincerity of the majority in attempting to force a reconciliation of the parties by depriving the wife of sufficient means for her sustenance. The record does reflect that both husband and wife are fine people, happily married until a recent altercation; the temporary uphappy rift of a happy marriage, with children, is indeed unfortunate. Nevertheless, it is not an appropriate appellate function for us to try, long range and not familiar with the parties (as is the trial court), to effect reconciliation by starvation.
I therefore respectfully dissent from the denial of a rehearing.